**In re Henry CORTEZ and Juanita Cortez, Debtors.**

**No. 00–52849–JRG.**

United States Bankruptcy Court, N.D. California.

July 10, 2002.

David B. Rao, Law Offices of Binder & Malter, Santa Clara, CA, for Debtors.

Devin Derham–Burk, San Jose, CA, trustee.

## ORDER ON FEE APPLICATION OF BINDER & MALTER

JAMES R. GRUBE, Bankruptcy Judge.

### I. INTRODUCTION

The Court has before it the Application For Compensation filed by Binder & Malter on April 24, **2002.**

Applicant received $600 from the debtors prior to the filing of the petition for pre-bankruptcy analysis. Following the filing, Applicant was awarded $2,750 in compensation at the time the Chapter 13 plan was confirmed. This award was pursuant to the fee guidelines maintained by the Court. Pursuant to the guidelines, the $2,750 was composed of:

$1,400 for the basic case; and an additional

$750 if the case involves real property claims;

$400 if the case involves state or federal tax claims;

$200 of the case involves vehicle loans or leases; ...

Applicant now seek additional compensation in the amount of $21,802.37. This means that the total cost of the Chapter 13 case to date is $25,152.37.

The application will be granted in part and denied in part.

### II. THE NATURE OF THE CASE

While the scheduled fee of $2,750 included four components, it does not appear there were problems in all of these areas. The Cortezs scheduled a $600 state tax claim and a federal tax claim of $998.54. There is no suggestion of additional legal work required by the claims. The vehicular loan is $6,000 ($1,000 of which is unse-

cured) and encumbers a 1994 Ford Probe. There is no suggestion additional legal work was required. The Cortezs have seven unsecured creditors (six are credit cards) totaling $11,228.29. There are no apparent problems with unsecured creditors.

The debtors' problems stem from two real properties they owned. They own a rental property in Mt. View, California, which they valued at $230,000 and on which they owe $210,000. They also owned their residence in San Jose, California. They value the residence at $367,000 and the encumbrances total $376,000.

With respect to the cost of this case, in excess of $15,112.50 arises from their residence in San Jose and in excess of $3,336.00 from the rental property in Mt. View.

## III. DISCUSSION

In connection with the debtors' residence, applicant describes three different areas in which work was performed. The first involved Special Counsel Steven Siner's employment to pursue a claim the debtors had with the sellers from whom they purchased the property. The claim was ultimately dropped. Siner billed a total of $3,500 in connection with the claim. At the same time, Applicant billed $1,148 (12 time entries) to have Siner appointed as Special Counsel and another $1,980 (31 time entries) to follow his progress. These billings are excessive.

The second area of problems involved the secured claim of Meritech Mortgage, the holder of the first encumbrance on the residence. Applicant first objected to a small portion of Meritech's claim. The objection was sustained by default. The cost was $360.00 (6 time entries).

Meritech then filed a motion for relief from the automatic stay based on alleged post-petition defaults by the debtors (pre-petition defaults approximated $17,000). The motion was resolved by a standard adequate protection order. Applicant billed $1,668 (22 time entries). Subsequently, Meritech filed another motion for relief from stay based on further alleged defaults. In connection with this motion there was an accounting dispute over which payments had been missed. Ultimately, an Amended Adequate Protection Order was negotiated. Applicant billed $5,667 (88 time entries).

Meritech later alleged yet another default. Prior to it being resolved, Applicant became fearful that a trustee's sale would be conducted. Applicant therefore prepared a complaint and associated papers seeking a temporary restraining order against Meritech. Applicant billed $3,084.50 (44 time entries).

While all of this was going on, for a period of eleven months the debtors explored a refinance of their properties. Over this period Applicant billed $1,210 (16 entries) to discuss the prospects. Applicant's billings in connection with the debtors' residence are representative of those in other areas in the application. For example, in connection with a relief from stay motion on the rental property in Mt. View, Applicant billed $3,336 (56 time entries).

## IV. CONCLUSION

The problems faced by Applicant in this case seem no more difficult than those faced by Chapter 13 practitioners on a regular basis. Yet the cost is much, much more. Applicant's attorneys billed between $240 and $290 per hour. Those rates are at the high end of rates of attorneys in this community providing services to consumers. Such rates presume competency and efficiency.

In this case there is no indication of incompetency. There should be none as Applicant is composed of experienced bankruptcy lawyers and the problems were routine. However, there is plenty of evidence of inefficiency. Applicant does not sit down and resolve a problem. Rather, it nibbles at the problem generating numerous time entries and their corresponding billings. This is simply not a $25,000 case.

The Court grants the application in the amount of $9,750. This is in addition to the $2,750 approved at the time of confirmation. The balance of the application is denied.